**IT IS ORDERED as set forth below:**

**Date: December 9, 2019**

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | CASE NUMBER |
| **KENNEDY C. UZOMBA**, | **19-57632-PMB** |
| Debtor. | CHAPTER 7 |
| **KENNEDY C. UZOMBA,** | |
| Movant, | |
| v. | **CONTESTED MATTER** |
| **HOMEBRIDGE FINANCIAL SERVICES, INC. and LOANDEPOT.COM, LLC,** | |
| Respondents. | |

**ORDER DENYING WITHOUT PREJUDICE**
**RELIEF REQUESTED IN VARIOUS PLEADINGS FILED BY MOVANT**

The Debtor-Movant (the "Movant") filed the following pleadings *pro se* in this case between August 16, 2019 and October 7, 2019:

I.  On August 16, 2019, Movant filed *Debtor's Objection & Opposition to Homebridge Financial Services's Motion for Relief from Automatic Stay* (Docket No. 30).
II. On August 21, 2019, Movant filed *Debtor's Motion for Leave to Amend & Response in Objection & Opposition to Homebridge Financial Services's Motion for Relief from Automatic Stay* (Docket No. 32).
III. On September 18, 2019, Movant filed *Notice and Acknowledgement of Receipt and Confirmation of Payment to Homebridge Financial Services* (Docket No. 36).
IV. On September 20, 2019, Movant filed a *Notice and Acknowledgment of Receipt of Loan Modification Documents Sent to Homebridge Financial Services* (Docket No. 37).
V. On September 27, 2019, Movant filed a *Debtor's Motion for Leave of Court & Response in Objection & Opposition to LoanDepot.com, LLC's Motion for Relief from Automatic Stay*; *Notice of Intent to Pursue Sanctions and Punitive Damages*; *Debtor's Motion for Sanctions and Punitive Damages for Willful Violation of the Automatic Stay (Strict Liability); and Motion for Leave of Court to Add Additional Movants Aldridge Pite, LLP and Counsel Bryce Noel*; *Notice and Acknowledgement of Receipt of Loan Modification Documents Sent to LoanDepot.com, LLC*; and *Notice and Acknowledgement of Receipt and Confirmation of Payment Made to LoanDepot.com, LLC* (Docket Nos. 40, 41, 42, 43, and 44).
VI. On September 30, 2019, Movant filed *Debtor's Motion for Sanctions and Punitive Damages Continued*; *Notice of Intent to Pursue Sanctions and Punitive Damages*; *Debtor's Motion for Sanctions and Punitive Damages for Willful Violation of the Automatic Stay (Strict Liability); and Motion for Leave of Court to Add Additional Movants McCalla Raymer Leibert Pierce, LLC and Attorney Ciro A. Mestres*; *Debtor's Motion for Leave of Court to Amend Notice of Intent to Pursue Sanctions and Punitive Damages*; *Debtor's Motion for Leave of Court to Amend Notice and Acknowledgment of Receipt of Loan Modification Documents Sent to LoanDepot.com, LLC*; and *Debtor's Second Amended Motion for Leave of Court & Response in Objection & Opposition to Homebridge Financial Services, Inc.'s Motion for Relief from Automatic Stay* (Docket No. 45, 46, 47, 48, 49, and 50).
VII. On October 7, 2019, Movant filed *Notice & Second Amended Response in Objection & Opposition to Homebridge Financial Services, Inc.'s Motion for Relief from Automatic Stay*; *Notice of Intent to Pursue Judgment as a Matter of Law*; *Notice of Intent to Pursue Motion to Strike*; *Notice of Intent to Pursue Injunctive, Declaratory and Equitable Monetary Relief*; *Notice of Intent to Pursue Statement Theory of Recovery in Support of His Motion for Judgment*; *Notice & Response in Objection & Opposition to LoanDepot.com, LLC's Motion for Relief from Automatic Stay*; *Notice of Intent to Pursue Motion in Limine to Exclude Improper Character Evidence; to Exclude Improper Business Records and Improper Testimony Thereof*; *Debtor's Motion for Injunctive, Declaratory and Equitable Monetary Relief; and for Sanctions and Punitive Damages for Willful Violation of the Automatic Stay; Fraudulent Inducement; Negligence; Emotional Distress; Breach of Fiduciary Duty; Breach of Warranty Motion for Leave of Court to Add Co-Movants Anthony Hsieh, Aldridge Pite, LLP and Attorney Bryce Noel (Strict Liability)*; *Debtor's Motion for Judgment*

2

as a Matter of Law; *Debtor's Statement Theory of Recovery in Support of His Motion for Judgement (LoanDepot.com, LLC)*; *Debtor's Motion in Limine to Exclude Improper Character Evidence; to Exclude Improper Business Records and Improper Testimony Thereof*; and *Debtor's Motion to Strike LoanDepot.com's Valuation of Property and Related Testimony; Brief in Support* (Docket Nos. 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, and 62).

All of the aforementioned motions, notices, and other pleadings above are hereinafter referred to collectively as the "Pleadings".

The Pleadings were set for hearing on October 15, 2019 (the "Hearing") by *Order and Notice of Hearing on Movant's Pleadings* entered on October 9, 2019 (Docket No. 63)(the "Order and Notice of Hearing").

The Movant subsequently filed the following additional pleadings:

I. On October 11, 2019, Movant filed *Debtor's Amended Motion for Sanctions and Punitive Damages for Willful Violation of the Automatic Stay (Strict Liability); and Amended Motion for Leave of Court to Add Additional Respondents* (Docket No. 66).
II. On October 11, 2019, Movant filed *Debtor's Amended Motion for Judgment as a Matter of Law (Fed. R. Civ. P. 50 and 58)*(Docket No. 67).
III. On October 11, 2019, Movant filed *Debtor's Amended Motion in Limine to Exclude Improper Character Evidence; To Exclude Improper Business Records and Improper Testimony Thereof (F.R.E. 801(b))*(Docket No. 68).
IV. On October 11, 2019, Movant filed *Debtor's Amended Motion to Strike Respondents Valuation of Property and Related Testimony Thereof; Brief in Support* (Docket No. 69).
V. On October 15, 2019, Movant filed *Debtor's Amended Motion for Injunctive Declaratory and Equitable Monetary Relief (Strict Liability)*(Docket No. 72).
VI. On October 15, 2019, Movant filed *Debtors' Statement Theory of Recovery in Support of Motion for Judgment* (Docket No. 73).
VII. On October 15, 2019, Movant filed *Movants' Motion to Disqualify; Motion to Compel Compliance with ABA Standard of Conduct and Federal Model Rules; Motion for Sanctions U.S. Code §§ 1927, 2346* (Docket No. 74).

All of the immediately aforementioned motions, notices, and other pleadings are hereinafter referred to collectively as the "Additional Pleadings".

At the Hearing, with Movant present, the Court heard and denied the request for relief set forth in the Pleadings and the Additional Pleadings.

As reflected by the Docket, it appears that the Movant is asserting through the Pleadings and/or Additional Pleadings various causes of relief along with or in addition to his claims regarding violation of the automatic stay. For instance, Movant alleges that although Respondent HomeBridge Financial Services, Inc. ("HomeBridge") had started to process Movant's application for a loan modification and received funds from Movant, it simultaneously initiated action to begin foreclosure proceedings against Movant's property and seize Movant's equity. Further, Respondent LoanDepot.com, LLC ("LoanDepot") engaged in similar actions while Movant was attempting to collaborate on a loan workout proposal with that entity, thereby effectively denying Movant the opportunity to complete that process. Movant also contends Respondents have undertaken these acts to gain a tactical advantage in this litigation by falsely representing facts and creating confusion and by undervaluing the subject properties.

Based on such acts and alleged deceptions, Movant asserts HomeBridge and LoanDepot violated various laws including "the implied covenant of good faith and fair dealing," along with certain consumer protection statutes including the Uniform Deceptive Trade Practices Act (O.C.G.A. §§ 10-1-372, -373), the Georgia Fair Business Practices Act (O.C.G.A. §§ 10-1-390 *et seq.*), the federal Unfair or Deceptive Trade Practices Act (title 15, U.S. Code), and the Vicarious Liability Act (28 U.S.C. § 2412, 5 U.S.C. § 504). Movant also alleges Respondents have violated O.C.G.A. §§ 9-3-32, -33, -71, -30, -24, and -26. Movant also contends Respondents used deceptive and unfair trade practices through fraudulent inducement (*see* title 5, U.S. Code) in relation to the loan modification referenced above causing emotional distress (*see* O.C.G.A. §§

51-1-2 through 64), and committing a breach of warranty, the duty of care (28 U.S.C. § 2201, O.C.G.A. § 51-12-5.1), and fiduciary duty (29 U.S.C. § 1109, O.C.G.A. § 9-2-7).  Movant insists punitive damages are warranted given the alleged malicious or reckless disregard exhibited by Respondents' toward Movant's rights, which has also damaged his credit worthiness.

To the extent that these other claims assert a separate and viable cause for relief, they should be presented through the commencement of an adversary proceeding in this case (*see* Fed. R. Bankr. P. 7001), or in an appropriate federal or state court forum.

Based on the foregoing discussion, it is

**ORDERED** that the Pleadings and the Additional Pleadings are **DENIED** without prejudice.[1]

The Clerk is directed to serve a copy of this Order upon the Movant, Respondents, counsel for Respondents, the Office of the United States Trustee, and the Chapter 7 Trustee.

**[END OF DOCUMENT]**

---

[1] As stated in the Order and Notice of Hearing, the Pleadings are in substantial part responses or objections to, and were heard with, the *Motion for Relief from the Automatic Stay* filed by LoanDepot on September 24, 2019 (Docket No. 38) regarding Movant's property located at 1808 NW Crestwood Drive, Acworth, Georgia, and the *Motion for Relief from the Automatic Stay* filed by HomeBridge on August 9, 2019 (Docket No. 28) regarding Movant's property located at 117 Tyson Woods Road, Acworth, Georgia (the "Motions for Stay Relief").  The Motions for Stay Relief were granted by this Court's *Order Granting Motion for Relief from Stay (#38)* entered on October 28, 2019 (Docket No. 80) and its *Order Granting Motion for Relief from Stay* entered on November 4, 2019 (Docket No. 91), respectively, both of which are currently on appeal.  For purposes of clarification, to the extent that the Pleadings and Additional Pleadings constitute a response to the Motions for Stay Relief, they were previously denied in the foregoing Orders.  To the extent that the Pleadings or Additional Pleadings set forth allegations for additional relief, they are denied in this Order without prejudice to their assertion in an adversary proceeding or in another forum.